# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SAMUEL | : | |
|     Plaintiff, | | |
| | | |
| v. | : | |
| | | CIVIL ACTION |
| EQUIFAX INFORMATION SERVICES, | | NO. 18-1073 |
| LLC. | : | |
|     Defendant. | | |

**MEMORANDUM**

**Jones, II    J.**                                                                                                          **June 20, 2018**

## I.     Introduction[1]

Plaintiff Robert Samuel commenced the above-captioned action in the Montgomery County Court of Common Pleas, alleging Defendant violated the Fair and Accurate Credit Transaction Act (hereinafter "FACTA") amendment to the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. § 1681, *et seq.*  Plaintiff commenced the action via Writ of Summons, pursuant to Pennsylvania Rule of Civil Procedure 1007. Plaintiff subsequently served his Complaint on Defendant, who then removed the action to federal court. Presently before this Court is Plaintiff's Motion to Remand, to which Defendant has filed an Opposition. For the reasons set forth below, Plaintiff's Motion shall be denied.

---

[1]   As a preliminary matter, this Court is troubled by the apparent carelessness with which the instant Motion was prepared.  Said Motion and accompanying Brief are replete with typographical errors, incorrect citations, missing exhibit labels, and—perhaps most egregious— case law language that is taken out of context to serve Plaintiff's purpose.  It is this Court's fervent hope that counsel will take heed of these observations and ensure that future filings with the court are prepared with a greater level of care, accuracy and candor.

1

## II. Background

Plaintiff commenced the instant action in state court on July 31, 2017, by way of Writ of Summons (hereinafter "original Writ") pursuant to Pennsylvania Rule of Civil Procedure 1007. (Pl.'s Mot. Remand ¶ 2.) Several months later, Plaintiff had the Writ reissued (hereinafter "reissued Writ"). Said Writ stated "Robert Samuel has commenced an action against you, pursuant to 15 USC 1681 et. [s]eq…" (Pl.'s Mot. Remand ¶ 4) (punctuation as in original). Plaintiff subsequently sent the reissued Writ of Summons to Defendant. (Pl.'s Mot. Remand ¶ 5.) The same was received and signed for by Defendant on December 21, 2017.[2] (Pl.'s Mot. Remand ¶ 6.) Defendant's counsel entered an appearance in the Montgomery County Court of Common Pleas on January 8, 2018. (Pl.'s Mot. Remand ¶ 7.) Plaintiff subsequently filed a Complaint with the Montgomery County Court of Common Pleas on February 22, 2018, and served a copy of the same on Defendant. (Pl.'s Mot. Remand ¶ 9.) Defendant received the Complaint on or about February 26, 2018. (Pl.'s Mot. Remand ¶ 10.) On March 12, 2018, Defendant removed the action to this Court. (Pl.'s Mot. Remand ¶ 11.)

## III. Standard of Review

### A. 28 U.S.C. § 1441

"Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division

---

[2] Plaintiff states the reissued Writ was sent to two different addresses for Defendant. However, the address of the Certified Mail Receipt dated December 20, 2017 is illegible (if not completely non-existent), and can therefore not be relied upon for purposes of establishing service. (Pl.'s Mot. Remand ¶ 6 Ex. F, ECF No. 7-5.)

2

embracing the place where such action is pending." 28 U.S.C. § 1441. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removing party bears the burden of proving the existence of federal subject matter jurisdiction." *Allen v. GlaxoSmithKline PLC*, Civ. 07-5405, 2008 U.S. Dist. LEXIS 42491, at *6 (E.D. Pa. May 30, 2008). "[W]hen ruling on a motion to remand, a district court must resolve all contested issues of substantive fact…and…any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Miller v. Piper Aircraft, Inc.*, Civ. 08-5961, 2009 U.S. Dist. LEXIS 32451, at *12 (E.D. Pa. Apr. 15, 2009). A defendant may remove an action from state court to federal court only when a federal court would have had original jurisdiction over the action. *Id.*

**IV.    Discussion**

Plaintiff contests removal of this case primarily on the grounds that Plaintiff's preference for state court should control, and Defendant was on notice of the pleadings as early as Dec 21, 2018, therefore such notice was sufficient to begin the thirty-day time limit on removal as defined by 28 U.S.C. § 1446(b).[3] (Pl.'s Mot. Remand ¶¶ 7-8, 12.) Defendant rebuts the bases for these assertions, contending the case law upon which Plaintiff relies is inapplicable or has since been overruled. (Def.'s Br. Opp'n Pl.'s Mot. Remand 4.) Because Plaintiff's arguments in favor of remand are deficient on several levels, this Court rejects same and denies his request for remand.

---

[3] Dec 21, 2018 is the date Defendant received the reissued Writ by mail. (Pl. Mot. Remand ¶ 6.) Plaintiff also provides in the alternative that the Jan 8, 2018 appearance of Defendant's counsel in the Court of Common Pleas of Montgomery County "effectively put Defendant on notice of the pleadings in the case…" (Pl. Mot. Remand ¶ 8.)

3

A. **Propriety of Removal**

Plaintiff first asserts that "removal statutes…must be strictly construed in favor of state court jurisdiction." (Pl.'s Mem. Supp. Mot. Remand 3.) Defendant maintains federal jurisdiction is proper in this particular case. (Def.'s Br. Opp'n Pl.'s Mot. Remand 3.) This Court agrees that it does in fact possess original jurisdiction over Plaintiff's action.

In the first instance, Plaintiff relies upon *Landman v. Borough of Bristol* for the proposition that "[r]emoval statues are an infringement on the power of the states and must be strictly construed in favor of state court jurisdiction." 896 F. Supp. 406, 408 (E.D. Pa. 1995). However, the current matter is distinguishable from *Landman* in that, notwithstanding the timeliness of the removal which is discussed below, this matter arises under federal law,[4] and the sole Defendant removed the case to this Court. (Def. Notice of Removal, ECF No. 1.)

In further support of his remand argument, Plaintiff relies upon *Wecker v. National Enameling & Stamping Co.* for the proposition that "[T]he Federal Courts should be vigilant to protect the right to proceed in Federal Court as to permit the state courts in proper cases to retain their own jurisdiction."[5] (Pl.'s Mem. Supp. Mot. Remand 3-4) (citing 204 U.S. 176, 186 (1907)).

---

[4] Plaintiff concedes the action arises under federal question jurisdiction. (Compl. ¶ 32, ECF No. 7-7 at 9.) In fact, Plaintiff devotes an entire section of his Complaint to "Standing Under Article 3 of the United States Constitution" and again references the fact that he is "invoking federal jurisdiction." (Compl. ¶ 39, ECF No. 7-7 at 13.)

[5] Plaintiff improperly truncates this language, which, although partially discussed above, is rendered fully here for clarity: "While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker*, 204 U.S. at 185-86. Additionally, Plaintiff has also incorrectly cited to this passage; the cited portion is found at 204 U.S. 176, 186, not 240 U.S. 176, 186. (Pl.'s Mem. Supp. Mot. Remand 4.)

However, when read in context, the actual language of *Wecker* supports the propriety of removal to federal court in this case. *See supra.* n.5.

*Wecker* is also distinguishable from the instant matter inasmuch as the district court gained jurisdiction over a negligence claim through diversity of citizenship. *Id*. at 178. Here, Plaintiff's claims arise under federal law— namely, 15 U.S.C. § 1681 *et seq.*—and federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Therefore, this Court must "not…prevent a removal to a Federal court where one has that right, and should be…vigilant to protect the right to proceed in [a] Federal court." *Wecker,* 204 U.S. at 186. Accordingly, to the extent original jurisdiction is conferred by 28 U.S.C. § 1331, and there is no question of fraud or insufficiency of jurisdictional prerequisites, removal in this case is proper.

### B. Timeliness of Removal

Lastly, Plaintiff contends "Defendant failed to meet the procedural requirements for removal under 28 U.S.C. § 1446(b)." (Pl.'s Mem. Supp. Mot. Remand 4.) Defendant counters, stating that the authority upon which Plaintiff bases his argument is no longer valid. (Def.'s Br. Opp'n Pl's Mot. Remand 4.)

In support of this argument, Plaintiff cites to *Foster v. Mutual Fire, Marine, & Inland Ins. Co.* as the controlling Third Circuit authority for interpreting § 1446(b). (Pl.'s Mem. Supp. Mot. Remand 4) (citing 986 F. 2d 48 (3d Cir. 1993)). *Foster* gives credence to the assertion that a Writ of Summons satisfies the "initial pleading" requirement found in § 1446(b), which would thereby render Plaintiff's reissued Writ sufficient to begin the thirty-day time limit for removal, as outlined in § 1446(b). *Foster*, 986 F.2d at 49. To that end, Plaintiff provides the dates upon

which the original Writ and the reissued Writ were entered onto the Common Pleas' dockets, as well as when the latter was served upon Defendant. (Pl. Mot Remand ¶¶ 2, 4-6.) Plaintiff thereafter argues that "the appearance by Defense Counsel effectively put the Defendant on notice of the pleadings in the case[.]" (Pl. Mot. Remand, ¶¶ 7-8.)

Third Circuit precedent clearly holds that *Foster* is no longer controlling law on this issue. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). Specifically, the court in *Sikirica* explained that in the interest of nationwide uniformity, the Supreme Court "implicitly overruled *Foster*, and a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under…28 U.S.C. § 1446(b)." *Id.* (internal citation omitted). Upon close assessment of *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, it was ultimately determined that:

> A summons may not serve as an initial pleading[.] First, the Supreme Court's use of the term "complaint" to mean "initial pleading" in *Murphy Bros*. was not merely an inadvertent accommodation of the facts. The Court, addressing the situation where a complaint is received after service of the summons, explicitly held that the time to remove is triggered by "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons. . ." *Murphy Bros*., 526 U.S. at 348 (emphasis added). If the Court had intended that a summons could be the initial pleading, its holding would not have distinguished between receipt of the complaint and service of the summons.

*Sikirica*, 416 F.3d at 222 (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)).

The reasoning behind this holding is clear: "…Congress amended [§ 1446(b)] partly to provide for uniform operation across the nation…[we] would impede this purpose by adopting [the Second Circuit] rule in the Third Circuit, since defendants in Pennsylvania could be required to decide whether to remove without seeing the complaint or knowing the nature of the cause of

6

action…"[6] *Id.* In this case, Plaintiff's reissued Writ contained the statement "You are notified that Robert Samuel has commenced an action against you, pursuant to 15 USC 1681 *et. seq.*, also known as the Fair Credit Reporting Act, and the Fair and Accurate Credit Transactions Act." (Pl.'s Mot. Remand, Ex. 4, p. 3.) Defendant—on at least two occasions over the course of approximately 1½ months—attempted to ascertain the factual basis for Plaintiff's claim as contained in the reissued Writ, and was unsuccessful. It was not until Defendant ultimately served Plaintiff with a "Ten Day Notice of Intent to File Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint," that Plaintiff served a copy of his Complaint upon Defendant. (Def.'s Br. Opp'n Pl's Mot. Remand 7; Klein Decl. ¶¶ 4-9, ECF No. 8-1.) Defendant's Notice of Removal soon followed.

Under controlling law, Plaintiff's reissued Writ simply did not trigger the thirty-day clock provided for in §1446(b). Plaintiff filed and mailed his Complaint to Defendant on February 22, 2018[7] and said Complaint was received by Defendant on February 26, 2018. (Pl.'s Mot. Remand, ¶¶ 9-10; Def.'s Br. Opp'n Pl's Mot. Remand 2.) Defendant filed a Notice of Removal on March 12, 2018. (Def.'s Notice Removal, ECF No. 1.) Defendant's Notice of Removal was therefore timely, as it was filed "within 30 days after the receipt by the defendant…a copy of the initial pleading." *Sikirica*, 416 F.3d at 220-23.

---

[6] As the court in *Sikirica* explained, the Second Circuit determined that a writ of summons satisfied the §1446(b) notice requirement, "[because] New York law requires the summons to state the nature of the action and the relief sought," whereas Pennsylvania law does not so require, and therefore the Third Circuit could not adopt, the Second Circuit rule. *Sikirica,* 416 F.3d at 222 (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001) ("Because the summons with notice [under New York law] generally provides information from which a defendant can ascertain removability… [the summons] may constitute an initial pleading for purposes of the federal removal statute.").

[7] *See supra* n.4.

## V.     Conclusion

For the reasons set forth hereinabove, Plaintiff's Motion to Remand Case to State Court shall be denied.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II      J.